IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 44-3

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JESSE JAMES MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#32) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Eric J. Foster, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) with the crime of making materially false statements in a matter within the jurisdiction of the executive

1

branch of the Government of the United States, in violation of 18 U.S.C. § 1001(a)(2). On April 13, 2016 the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

    (8)(1) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

    (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

    (8)(j) Defendant to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants other than the fact the Defendant could have contact with Mattie Atkins, two hours per day, seven days a week, and have no contact with that person between 10:00 p.m. and 7:00 a.m.

The Defendant admitted he used marijuana on May 16, 2016 and Klonopin, without a valid prescription, on May 17, 2016 and used methamphetamine on or about May 5, 2016. Defendant further failed to contact his U.S. Probation Officer

and report to the Probation Officer on May 19, 2016 after he agreed to do so. Defendant further, on May 19, 2016 admitted to his Probation Officer he had contact with Mattie Atkins during the entire night of May 16, 2016 and the morning of May 17, 2016.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

      (1)    finds that there is----
      (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
      (B) clear and convincing evidence that the person has violated any
       other condition of release; and
      (2)    finds that ---
      (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that
the person will not flee or pose a danger to the safety of any other person or
the community; or
      (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence and the admission of Defendant, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The Defendant possessed and used methamphetamine on

3

May 6, 2016 and used marijuana on May 16, 2016 and Klonopin, without a valid prescription, on May 17, 2016. The use of these substances is a felony under state law. N.C.G.S. 90-95(a)(3) Due to the fact there is probable cause to believe Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the terms and conditions of his pretrial release which required that he refrain from use or unlawful possession of controlled substances as set forth above. He further violated the terms and conditions of pretrial release which required him to report to his U.S. Probation Officer. Finally, Defendant violated the terms and condition of his release which required that he not be in contact with Mattie Atkins between the hours of 10:00 p.m. to 7:00 a.m.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's

actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter. At the request of the Defendant and with the agreement of the United States Attorney, the undersigned will enter this Order without prejudice to the Defendant filing a later motion requesting release on terms and conditions of pretrial release based upon a change of circumstances.

Signed: June 7, 2016

_____
Dennis L. Howell
United States Magistrate Judge